## JONES v. CITY OF UVALDE.

### No. 9511.

Court of Civil Appeals of Texas. San Antonio.

Jan. 30, 1935.

Rehearing Denied Feb. 27, 1935.

See, also, 57 S.W.(2d) 1129.

Atlas Jones, of Uvalde, for appellant.

G. B. Fenley and I. L. Martin, both of Uvalde, for appellee.

MURRAY, Justice.

Appellant, Atlas Jones, instituted this suit against appellee, City of Uvalde, to recover the sum of $1,300, alleged to be due him as city attorney of the city of Uvalde.

Appellant alleges: That before he was elected the city council passed a pretended ordinance abolishing the office of city attorney, but that this pretended ordinance was void for a number of reasons stated fully in his petition; that the order calling an election for other city officers did not include the office of city attorney, but that a number of voters wrote his name on the ticket for this office and, so far as he knew, no one else received any votes for city attorney at this election; that the canvassing body refused to canvass these votes and declare him elected, but that he qualified by taking the oath of office; that the city council ignored him and refused to recognize him as city attorney and would not permit him to perform the duties of the office, although he was ready, willing, and able to do so at all times. The trial court sustained a general demurrer and certain special exceptions to appellant's second amended original petition, and, upon appellant's refusal to amend, dismissed the cause. Atlas Jones presents this appeal from this order of dismissal.

Apparently the ordinance abolishing the office of city attorney was a valid ordinance, and the allegations contained in appellant's petition were insufficient to show the same to be invalid. Alexander v. City of Lampasas (Tex. Civ. App.) 275 S. W. 614. However, as we find that the general demurrer was properly sustained for other reasons, we will not pass upon this question.

It is plain from the allegations of appellant's petition, that the proper canvassing body did not canvass the returns for the office of city attorney, did not declare appellant elected, and did not issue him a certificate of election. It further shows that the city council has never accepted him as city attorney nor permitted him to perform the duties of that office. Under such circumstances, he could certainly not be regarded as a de jure officer, and before he would be permitted to recover the compensation incident to the office he must show himself to be a de jure officer. 30 Tex. Jur. p. 250, § 135.

The petition further shows on its face that the city council has never fixed any compensation to be paid to a city attorney by the city, and this alone would prevent appellant's recovering. 43 C. J. p. 684, § 1138. Appellant does allege that there is a city ordinance which provides that, for his services in criminal cases, he shall receive such fees or compensation as is allowed by the statute of Texas, but it is plain that this refers to costs to be paid by defendants in criminal cases, and is insufficient to justify a claim against the funds of the City.

Being of the opinion that the general demurrer was properly sustained, the judgment of the trial court will be in all things affirmed.