### JONES v. CITY OF UVALDE.
#### No. 10758.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

Rehearing Denied Nov. 27, 1940.

Atlas Jones, of Uvalde, and Harry B. Berry, of San Antonio, for appellant.

Suttle & Kessler, of Uvalde, for appellee.

MURRAY, Justice.

This suit was instituted by Atlas Jones in the District Court of Uvalde County, as cause No. 4980, against City of Uvalde, a municipal corporation, seeking to recover certain sums of money alleged to be due him as compensation for services allegedly rendered by him as City Attorney of said City.

The petition shows upon its face that this suit is based upon the same claim and demand as was cause No. 4871, between the same parties herein. The petition does not show upon its face what disposition was made of that cause, but we take judicial knowledge of the fact that a general demurrer was sustained to plaintiff's second amended original petition and Atlas

Jones, as plaintiff therein, refused to amend, whereupon the trial court rendered judgment dismissing the cause, and Jones perfected an appeal to this Court. This Court affirmed the judgment of the trial court, Jones v. City of Uvalde, 79 S.W.2d 341. The Supreme Court refused a writ of error on April 24, 1935, and thus the judgment of the trial court became a final judgment.

■ Under these facts the question of res judicata was raised by the general demurrer. In 26 Tex.Jur. p. 330, § 503, it is stated: "But of course when the plaintiff's petition discloses on its face that the matters therein set out had been adjudicated by a previous judgment, the issue of res judicata may be raised by a general demurrer and a special plea is not required."

■ The claim and demand upon which this suit is based is the same claim and demand upon which cause No. 4871 was based, and the judgment of dismissal rendered in that cause is a bar to this suit. 26 Tex.Jur. p. 15, § 354.

It is true that the judgment in cause No. 4871 was one of dismissal, but nevertheless it is a judgment constituting a disposition of the cause on its merits and is a bar to a further prosecution of any cause based upon the same demand and claim. In 26 Tex. Jur. p. 97, § 398, it is stated:

"On Demurrer.—A judgment on a demurrer which still leaves the parties in court is merely interlocutory; it decides nothing more than the sufficiency or insufficiency of a particular pleading, and, in accordance with what has been said in a preceding section, cannot be res judicata of anything. But when the judgment on the demurrer is followed by a judgment of dismissal, the situation is different; in such a case there is a final judgment, and, if it definitely appears that the demurrer went to the merits of the cause of action and not merely to nonmeritorious matters, a judgment of dismissal that is of an involuntary character will operate as a bar as effectively as any other kind of judgment, unless and until it is nullified or suspended in the manner heretofore mentioned. Such a judgment is as conclusive as though the facts had been put in issue and established by the evidence. * * *"

■ We have before us the record in cause No. 4871, and it discloses that the demurrer went to the merits of the cause of action and not to some nonmeritorious matters. We take judicial knowledge of this fact.

The trial court did not err in sustaining the general demurrer to appellant's fifth amended original petition and, upon appellant's refusal to amend, in dismissing the cause.

The judgment is affirmed.