

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 28, 1973

The Honorable Gus L. Lanier
County Attorney
Walker County
P. O. Box 425
Huntsville, Texas 77340

Opinion No. H- 161

Re: May a Justice of the
Peace receive salary
for a period during
which he was holding
over awaiting appoint-
ment of his successor?

Dear Mr. Lanier:

Your request for an opinion asks whether the county commissioners court may legally pay a justice of the peace his salary for the period he was holding over awaiting appointment of his successor.

You provide the facts in your request as follows: An individual elected justice of the peace for a four year term in November 1970 was duly qualified and assumed the duties of such office on January 1, 1971. On February 7, 1972, he filed as a candidate for the office of tax assessor and collector, and was defeated on May 6, 1972. At all relevant times up to the appointment of his successor on February 12, 1973, this man continued to perform the duties of justice of the peace. He was paid his salary until May 31, 1972, at which time the County Attorney advised the County Clerk not to issue any further warrants for the payment of his salary in view of Article 16, §65, of the Texas Constitution. He received no further payment of salary from that date until his reappointment as successor on February 12, 1973.

Article 16, §65, of the Texas Constitution provides in part:

"Provided, however, if any of the officers named herein [including justices of the peace] shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United

> States other than the office then held, <u>at any time</u>
> <u>when the unexpired term of the office then held shall</u>
> <u>exceed one (1) year, such announcement of candidacy</u>
> <u>shall constitute an automatic resignation of the office</u>
> <u>then held,</u> and the vacancy thereby created shall be
> filled pursuant to law in the same manner as other
> vacancies for such office are filled. (emphasis added)

Under this provision of the Texas Constitution, when the individual filed as a candidate for the office of tax assessor and collector on February 7, 1972, he automatically resigned as justice of the peace.

Article 16, §17, of the Texas Constitution states:

> "All officers within this State shall continue to
> perform the duties of their offices until their successors
> shall be duly qualified. "

The recognized purpose of this provision is to insure against vacancies in office and a consequent cessation of the functions of government. Section 17 provides for officers to hold over in the performance of the duties of office even after resignation until a successor has been elected or appointed and has qualified. The officer who has resigned retains his position, in spite of his resignation, as a de jure officer. <u>Plains Common Consolidated School Dist. No. 1 of Yoakum County v. Hayhurst,</u> 122 S. W. 2d 322 (Tex. Civ. App. , Amarillo, 1938, no writ); <u>Keen v. Featherston,</u> 69 S. W. 983 (Tex. Civ. App. , 1902, err. ref). See also Attorney General Opinions M-659 (1970); C-43 (1963) and WW-1253 (1962). If he shows himself to be a de jure officer, he will be permitted to recover the compensation incident to the office. <u>Jones v. City of Uvalde,</u> 79 S. W. 2d 341 (Tex. Civ. App. , San Antonio, 1935, err. ref. ); <u>City of San Antonio v. Coultress,</u> 169 S. W. 917 (Tex. Civ. App. , San Antonio, 1914, dis'm. w. o. j. ). However, if, prior to qualification of his successor he should accept an incompatible office, he will not remain a de jure officer. Compare <u>Pruitt v. Glen Rose Independent School Dist. No. 1,</u> 84 S. W. 2d 1004 (Tex. 1935); <u>Lowe v. State,</u> 201 S. W. 986 (Tex. Crim. 1918).

It is our opinion therefore that the justice of the peace continued to hold over as a de jure officer following his automatic resignation, under Article 16,

§ 65, Texas Constitution, and is therefore entitled to compensation for this period.

## SUMMARY

A de jure justice of the peace may receive a salary for the period during which he was holding over awaiting appointment of his successor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee