T. O. MANGUM et al., Appellants,

v.

Jimmy L. SWEARINGEN et al., Appellees.

No. 15932.

Court of Civil Appeals of Texas, San Antonio.

April 26, 1978.

Rehearing Denied May 24, 1978.

John D. Wennermark, San Antonio, for appellants.

Pat Maloney, San Antonio, for appellees.

MURRAY, Justice.

This is a church case. Appellants, H. J. Turner, Ray Jack White and T. O. Mangum, members and deacons of the Harmony Hills Baptist Church, a non-profit corporation, filed suit against appellee, Jimmy L. Swearingen, pastor of Harmony Hills Baptist Church, and other members, to obtain a permanent injunction against appellees restraining them from selling, transferring or otherwise disposing of any of the property of the Harmony Hills Baptist Church and to restore appellants to their positions as members and officers of said church. After a trial before the Court without a jury, all relief was denied to appellants and they have perfected their appeal to this Court.

There are two general types of religious bodies or organizations recognized by law. The first is that where the local congregation, by the nature of its organization, is strictly independent of any other ecclesiastical association and, so far as church government is concerned, owes no fealty or obligation to any higher authority. The second is that where the local congregation is but a subordinate of some general church organization in which there are superior ecclesiastical tribunals with general and ultimate power of control more or less complete in some supreme judicatory over the whole membership of that general organization. 52 A.L.R.3d 324 (1973). The first type has come to be known as a congregational church, while the second is generally called a connectional or hierarchical church.

It is conceded by both parties, and it is undisputed, that the Harmony Hills Baptist Church has a congregational form of government. No ecclesiastical hierarchy with judicial or revisory powers exists within its organization. Therefore, all ecclesiastical remedies rest within the congregation itself. 76 C.J.S. *Religious Societies* § 85 (1952). The church of the congregational form administers its own government by the voice of the majority of its members. *David v. Carter,* 222 S.W.2d 900 (Tex.Civ. App.—Eastland 1949, writ ref'd n. r. e.); 20 A.L.R.2d 432 (1951).

The record discloses that on August 22, 1976, the appellants, as a majority of the Board of Deacons, met and decided to dismiss appellee, Jimmy L. Swearingen, as pastor of Harmony Hills Baptist Church. Before this decision could be presented to the church membership, appellee Swearingen convened a meeting of the church membership on September 8, 1976, and appellants were ousted as deacons. Some question arose as to the legality of the September 8th meeting, and, at a subsequent meeting on September 26, 1976, before the church membership, appellants were again expelled as members and deacons of the Harmony Hills Baptist Church.

Appellants state in their brief that the only question to be decided by this Court is the one concerning the validity of the actions taken against appellants in the two meetings cited above.

■■■ Appellants' Point of Error No. I attacks the judgment of the trial court because there was no provision in the by-laws of the corporation allowing removal of deacons. We overrule this contention as it is apparent from the by-laws that removal as members of the Harmony Hills Baptist Church would be effective to remove a member as a deacon. Furthermore, the power to remove a corporate officer is one necessarily incident to every corporation. 76 C.J.S. *Religious Societies* § 27 (1952).

■■■ By appellants' Points of Error Nos. II and III, they attack the judgment of the trial court because the removal of appellants as officers and members was in violation of the provisions of the by-laws of the corporation and was therefore void. We disagree. When a person becomes a member of a church, he thereby submits to its ecclesiastical jurisdiction in ecclesiastical matters and has no legal right to invoke the supervisory power of a civil court as long as none of his civil rights are involved. *Minton v. Leavell,* 297 S.W. 615 (Tex.Civ.App.— Galveston 1927, writ ref'd); 76 C.J.S. *Religious Societies,* § 85 (1952). In *Minton,* the Court said at page 622, "Church relationship stands upon a different and higher plane, and the right of a church to decide for itself whom it may admit into fellowship or who shall be expelled or excluded from its fold cannot be questioned by the courts, when no civil or property rights are involved." Appellants do not contend that their expulsion from the church was an invasion of their property rights as would entitle them to relief by injunction.

We are not to be understood as approving an expulsion from its membership by irregular methods and without notice and an opportunity to be heard. *David v. Carter,* 222 S.W.2d 900 (Tex.Civ.App.—Eastland 1949, writ ref'd n. r. e.).

The membership may have erred in the procedure such as a standing vote instead of a written vote, but the meeting of the congregation of September 26 was regularly called, appellants were present and participated in the meeting, and the resolution was adopted by a unanimous vote by the members present. If the courts assume jurisdiction to question the validity of a judgment of a church court upon a question of this character, churches would be deprived of the right of construing and administrating their church laws, and our proud boast of religious liberty and our absolute separation of church and state could no longer be proclaimed. *Serbian Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).

The judgment of the trial court is affirmed.