Frank DE VILBISS et al., Appellants,

v.

Joe WEST et al., Appellees.

No. 6879.

Court of Civil Appeals of Texas,
El Paso.

Nov. 14, 1979.

Rehearing Denied Dec. 19, 1979.

John D. Wennermark, San Antonio, for appellants.

Law Office of Pat Maloney, P. C., Pat Maloney, Tim Tynan, San Antonio, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The question presented by this appeal is the sufficiency of the proof to sustain the Court's order of dismissal based on the Defendants' plea of res judicata. The trial Court sustained it and dismissed the case. We affirm.

The background of this suit is that some two years ago a controversy arose within the ranks of the membership of the Harmony Hills Baptist Church. The members of the Church aligned themselves into two opposing groups. Appellant's group was voted out of membership in the Church. That group brought suit to be reinstated and to enjoin the other group from disposing of Church property. The trial Court denied them any relief and the Court of Appeals affirmed *Mangum v. Swearingen*, 565 S.W.2d 957 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). The pastor, Swearingen, has since moved away, and the group who supported him, and who were the defendants in that suit, have since become a mission of the Town East Baptist Church of which Joe West, one of the Defendants here, is pastor. The present suit is against Joe West and "those presently in accord and agreement with the actions and activi-

ties of JOE WEST, and against all others similarly situated, as Defendants," and seeks to enjoin them from disposing of the Church property. Defendants pled the prior suit as a bar to the present action.

■ Appellants' sole Point of Error is that the trial Court erred in sustaining Appellees' plea in bar of res judicata. Under this broad point of error, Appellants urge there is failure of proof of the prior suit sufficient to establish it as a bar in that the judgment and pleadings were not offered in evidence by the Defendants. It is further urged that judicial notice cannot be taken of the prior suit because it was heard in the 57th District Court of Bexar County while the case at bar was heard in the 45th District Court of Bexar County. We are of the opinion that the trial Court and this Court can each take judicial notice of the prior suit, and considering the pleadings and judgment in that case, and the Plaintiff's own testimony in this case, we are convinced that the trial Court correctly ruled on the issue of res judicata.

It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763; *Cochran County v. Boyd*, Tex.Civ.App., 1930, 26 S.W.2d 364 wr. ref.; *Pridgen v. Denson*, Tex.Civ.App., 1957, 298 S.W.2d 276 wr. ref.; McDonald, Texas Civil Practice, Vol. 4, p. 1394, sec. 17.26; McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 1, p. 170, sec. 151; Id., p. 206, sec. 186; 31 C.J.S. Evidence § 50b, p. 620; 20 Am.Jur. 104 sec. 86; 17 Tex.Jur. 201 sec. 27. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961).

■ It is equally well settled that an appellate court may take judicial knowledge of its own records and judgments rendered in cases involving the same subject matter. *Rains County v. Henson*, 183 S.W.2d 689 (Tex.Civ.App.—Amarillo 1944, writ ref'd); *Jones v. City of Uvalde*, 144 S.W.2d 932 (Tex.Civ.App.—San Antonio 1940, writ ref'd); *Amco Mesh & Wire Co. v. Stewart*, 474 S.W.2d 740 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). The 57th and 45th District Courts of Bexar County use the same district clerk who is the keeper of records of all district courts of Bexar County. In *Amco Mesh & Wire Co. v. Stewart*, supra, it was held that under such circumstances the judge of one such court could take judicial knowledge of the records of the other. We apply that ruling here.

■ In the prior suit of *Mangum v. Swearingen*, the Mangum groups pled that they had been ousted from church membership and they asked the court to restore them as members of the Harmony Hills Baptist Church. That suit was brought as a class action under Rule 42 of the Rules of Civil Procedure by plaintiffs in their own behalf and in behalf of all others similarly situated. The judgment of the Court in that case, and its affirmance on appeal, upheld the ouster of the plaintiffs from membership in the Harmony Hills Baptist Church. On the trial of this case, Appellant Frank De Vilbiss, testified in detail, and without objection, to facts which conclusively establish that he was one of those "similarly situated" in the prior suit. The evidence is conclusive that he was, by the class action, a plaintiff in that suit where his ouster from membership in the Church was upheld. The removal of Appellant from membership in the Church was also an issue in the Appellate Court. There, the issue was determined against him; the Court held that when a person becomes a member of the Church, he thereby submits to its ecclesiastical jurisdiction in ecclesiastical matters and has no legal right to invoke the supervisory power of a civil court as long as none of his civil rights are involved. *Mangum v. Swearingen*, supra, at 959. Since he is not a member of the Harmony Hills Baptist Church, Appellant has no standing to bring this suit concerning the Church property.

The right to sell the Church property was also an issue in the prior suit, and it was determined against the plaintiffs. That is additional grounds for the correctness of the trial Court's ruling of res judicata.

The judgment of the trial Court is affirmed.