**Frank DeVILBISS et al., Petitioners,**

v.

**Joe WEST et al., Respondents.**

**No. B–9143.**

Supreme Court of Texas.

May 21, 1980.

Rehearing Denied June 25, 1980.

John D. Wennermark, San Antonio, for petitioners.

Pat Maloney, San Antonio, for respondents.

PER CURIAM.

This is an appeal from a suit brought under Rule 42 Tex.R.Civ.Pro. to enjoin defendant Joe West, of the Town East Baptist Church, and the members of the Harmony Hills Baptist Church mission from disposing of church property. The class of plaintiffs, represented by DeVilbiss, includes former members and officers of the Harmony Hills Baptist Church who were ousted from membership in 1977. A group of these former church members had previously unsuccessfully sued the Harmony Hills Baptist Church seeking reinstatement and a disposition of church property. *Manqum v.*

*Swearingen,* 565 S.W.2d 957 (Tex.Civ.App. —San Antonio 1978, writ ref'd n. r. e.). Since that time, about fifty of the ousted members have continued to worship together and to refer to themselves as the Harmony Hills Baptist Church. The remainder of the congregation became a mission of the Town East Baptist Church.

The trial court set September 8, 1978, to hear DeVilbiss' application for a temporary injunction. On that date, West filed an original answer which contained a plea in bar contending that the prior judgment in *Mangum, supra* barred the pending suit by res judicata. The hearing on the temporary injunction was held on September 18, 1978. The record does not show that a trial on the merits was also set for this date, or that the parties agreed that the hearing should include a trial on the merits. After the hearing, the trial court sustained the defendant West's plea in bar, and on September 21, 1978, rendered a judgment dismissing the suit with prejudice. The court of civil appeals affirmed. 599 S.W.2d 106. We reverse and remand.

The court of civil appeals opinion did not address the issue of whether the trial court erred in passing on the merits of the suit at a temporary injunction hearing. Although the court of civil appeals did not consider this point, the point of error was preserved and is included in the application for writ of error in this Court.

It is well settled that a trial court is not authorized to determine the merits of the plea in bar in a hearing on an application for a temporary injunction. *Houston Belt & Terminal Ry. Co. v. Texas & New Orleans Ry. Co.,* 155 Tex. 407, 289 S.W.2d 217 (1956). The only question before the trial court in a hearing on a request for a temporary injunction is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending a trial on the merits. *Id. Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). It is also well settled that an appellate court will not review the merits of the case on the basis of evidence introduced at a preliminary hearing. *Brooks v. Expo Chemical Co., Inc.,* 576

S.W.2d 369 (Tex.1979); *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978).

The judgments in both the trial court and the court of civil appeals conflict with this Court's decisions in the above cited cases. Accordingly, the application for writ of error is granted, and without hearing oral argument, we reverse the judgment of the trial court and the court of civil appeals, and remand to the trial court for further proceedings. Tex.R.Civ.Pro. 483.