

## NUMBER 13-19-00354-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

MAGELLAN TERMINAL HOLDINGS, L.P.
AND PAUL R. WILSON, IN HIS CAPACITY
AS RECEIVER OF MEXAM EXPORT IMPORT
CORPORATION,                                                         Appellants,

v.

HECTOR VARGAS,                                                        Appellee.

---

On appeal from the 357th District Court
of Cameron County, Texas.

---

## MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa

Appellants Magellan Terminals Holdings, L.P. (Magellan) and Paul R. Wilson as

Receiver for Mexam Export Import Corporation appeal a temporary injunction in favor of

appellee Hector Vargas that prohibits appellants from taking possession of a petroleum

storage tank and related assets located at the Port of Brownsville (the terminal assets). In three issues, which we treat as two, appellants argue the trial court abused its discretion in granting the temporary injunction because: (1) collateral estoppel precludes Vargas from relitigating ownership of the terminal assets which are subject to a turnover order in a separate lawsuit against Mexam Export Import Corporation (Mexam); and (2) Vargas failed to establish the elements of a temporary injunction. We affirm.

## I. BACKGROUND

On December 15, 2017, Magellan obtained a judgment against Mexam in the 80th Judicial District Court of Harris County (Harris County suit) awarding damages in the amount of $1,450,761.29 and pre-judgment interest in the amount of $244,991.45. On September 21, 2018, the Harris County trial court signed an agreed turnover order appointing Wilson as receiver for Mexam and ordering Mexam to turn over its non-exempt assets. The turnover order incorporated an exhibit identifying various assets owned by Mexam, including "ABC Gulf Coast Terminal LLC," "Terminal Construction," "Storage Tank," and "Equipment."

After final judgment was rendered in the Harris County case, Vargas, who is Mexam's president and controlling shareholder, filed the underlying suit against appellants and ABC Gulf Coast Terminal, LLC (ABC Terminal).[1] Vargas's suit concerns the parties' competing interests in the terminal assets. As relevant to this appeal, Vargas alleges that he owns the terminal assets individually and that ABC Terminal breached an

---

[1] Vargas also sued Fredrick Figueroa and Jupiter Marine Terminals, LLC. Vargas alleged that he and Figueroa formed ABC Terminal for the purpose of operating the terminal assets. Of the defendants, only appellants are parties to this appeal.

agreement to purchase the terminal assets from Vargas. The agreement purportedly required ABC Terminal to make $112,000 monthly payments until the almost $8 million purchase price was satisfied. Vargas sought a declaratory judgment that the terminal assets are "not a non-exempt asset of [Mexam] and therefore [are] not subject to the forced seizure or subject to the control [of appellants.]" Vargas also sought a temporary injunction prohibiting appellants from taking possession of the terminal assets.

Magellan filed a "Plea in Bar, Plea in Abatement, and Original Answer," generally denying Vargas's allegations and asserting the defenses of res judicata and collateral estoppel. Magellan argued that Vargas was collaterally estopped from relitigating ownership of the terminal assets which were determined to be owned by Mexam in the Harris County suit. Magellan argued that Vargas's suit "should be dismissed on the merits, pursuant to [Magellan's] Plea in Bar." Magellan also argued that the suit should be abated until Wilson was in possession and control of Mexam's assets. Wilson filed a "Special Appearance, Motion[] to Strike, Motion to Show Authority and, subject thereto, Answer." Wilson also maintained that Vargas's suit was barred by collateral estoppel.

Following a two-day evidentiary hearing, the trial court signed a temporary injunction which ordered appellants "to desist and refrain from taking possession and control of the [terminal assets] and from interfering with the ownership, possession and control of the [terminal assets.]" In support of its ruling, the trial court found in part that Vargas "will probably prevail" at trial on the issue of whether Vargas is the rightful owner of the terminal assets. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (permitting interlocutory appeal from an order granting a

3

temporary injunction).

## II.    TEMPORARY INJUNCTION

**A.    Standard of Review & Applicable Law**

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). A temporary injunction proceeding may not be used to obtain an advance ruling on the merits. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invests.*, 481 S.W.3d 336, 346 (Tex. App.—Houston [1st Dist.] 2015, no pet.). In an interlocutory appeal from the trial court's ruling on a request for a temporary injunction, we will decline to reach arguments as to the merits of the case. *See Henry v. Cox*, 520 S.W.3d 28, 33–34 (Tex. 2017) ("We limit the scope of our review to the validity of the [temporary injunction] order, without reviewing or deciding the underlying merits[.]").

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Burkholder*, 504 S.W.3d at 491. Because the trial court cannot give an advance ruling on the merits, the applicant is not required to establish that he will prevail at trial. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam). We review the trial court's decision to grant a temporary injunction for a clear abuse of discretion. *Butnaru*, 84 S.W.3d at 204. A trial court abuses its discretion if it acts arbitrarily and unreasonably, without reference to

4

guiding rules or principles. *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 846 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A trial court does not abuse its discretion "if some evidence reasonably supports the trial court's decision." *Butnaru*, 84 S.W.3d at 211.

## B.      Collateral Estoppel

By its first issue, appellants argue that the trial court erred by failing to apply collateral estoppel to bar Vargas from relitigating Mexam's ownership of the terminal assets. Relatedly, appellants argue that in failing to apply collateral estoppel, "the trial court clearly erred by giving Vargas all the benefits, but none of the burdens, of being the alter ego of Mexam[.]"

Collateral estoppel "bars relitigation of any ultimate issue of fact which was litigated and essential to the judgment in a prior suit." *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App.—Houston [14th Dist.] 1992, no writ). To prevail on a collateral estoppel defense, a party must establish the following: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002).

Collateral estoppel is an affirmative defense under Texas Rule of Civil Procedure 94 and should be treated as a plea in bar. *Mestiza v. De Leon*, 8 S.W.3d 770, 773 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.). Because a plea in bar challenges the plaintiff's right to recover and reaches the merits of a case, the matter is typically disposed of following a trial or through summary judgment proceedings. *Martin v. Dosohs I, Ltd.,*

*Inc.*, 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999, pet. denied); *see Mestiza*, 8 S.W.3d at 773 ("A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or summary judgment procedure is utilized."). As such, the trial court "is not authorized to determine the merits of the plea in bar in a hearing on an application for a temporary injunction." *DeVilbiss v. West*, 600 S.W.2d 767, 768 (Tex. 1980); *see Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, 527 S.W.3d 492, 499 (Tex. App.—El Paso 2017, no pet.) (declining to address limitations defense in appeal from temporary injunction); *Montgomery County v. Fuqua*, 22 S.W.3d 662, 668–69 (Tex. App.—Beaumont 2000, pet. denied) (same); *Gannon v. Payne*, 695 S.W.2d 741, 744 (Tex. App.—Dallas 1985), *rev'd on other grounds*, 706 S.W.2d 304 (Tex. 1986) (explaining that "the law is equally clear that a trial court is not authorized to determine the merits of a plea in bar in a hearing on an application for temporary injunction"); *see also Williams v. Norwest Bank Montana*, No. 09-99-096 CV, 1999 WL 651072, at *1 (Tex. App.—Beaumont Aug. 26, 1999, no pet.) (mem. op.) (declining to address affirmative defenses of limitations and res judicata in appeal of temporary injunction).

In the trial court, appellants maintained that collateral estoppel barred Vargas's suit, including his request for temporary injunctive relief. The trial court declined to consider the application of the defense in granting injunctive relief. Because such a ruling would impermissibly reach the merits of the case, we conclude that the trial court did not err in granting the temporary injunction without considering whether Vargas's suit was

barred by collateral estoppel.[2]  *See Butnaru*, 84 S.W.3d at 204; *West*, 600 S.W.2d at 768. We overrule appellants' first issue.

**C.      Partial Reporters Record**

By its second issue, appellants argue that the trial court abused its discretion in granting temporary injunctive relief because "Vargas failed to present any evidence to show the essential elements of irreparable harm, lack of an adequate remedy at law, and necessity . . . to maintain the status quo[.]" Vargas responds that Magellan waived this issue by failing to file a complete reporter's record of the temporary injunction hearing and by failing to file a statement of the points or issues to be presented on appeal. *See* Tex. R. App. P. 34.6(c). In their reply brief, appellants do not dispute that the reporter's record is incomplete, and they do not assert error concerning the state of the record. Instead, appellants argue that "even if [its] request for partial Reporter's Record did not technically comply with Rule 34.6(c)," Vargas is unable to demonstrate any prejudice due to the noncompliance.

It is the appellant's burden to bring forward an appellate record showing reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.). Without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards. *Sareen*, 350 S.W.3d at 317. Therefore, when an appellant files a partial reporter's record, we presume that the missing portions of the

---

[2] We note that Magellan's plea in bar, which seeks dismissal of Vargas's suit based on collateral estoppel, remains pending in the trial court.

reporter's record support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (explaining that, absent complete record on appeal, the court of appeals must presume the omitted items supported the trial court's judgment); *see also Bulthuis v. Avila*, No. 13-13-00717-CV, 2015 WL 9487472, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 29, 2015, pet. denied) (mem. op.). An appellant can avoid this presumption by complying with Texas Rule of Appellate Procedure 34.6(c), which requires that the appellant include in his request for a partial reporter's record "a statement of the points or issues to be presented on appeal[.]" TEX. R. APP. P. 34.6(c)(1). When this requirement is met, the appellate court must presume the partial record constitutes the entire record with respect to the issues raised on appeal. *Id*. R. 34.6(c)(4).

Appellants have not filed a complete reporter's record—the record does not include the testimony of two of Vargas's witnesses from the temporary injunction hearing. In addition, appellants have not complied with Rule 34.6(c)'s requirements for filing a partial reporter's record. *See id*. R. 34.6(c). Accordingly, we must presume that the omitted portions of the reporter's record support the trial court's temporary injunction. *See Bennett*, 96 S.W.3d at 229 ("There is no question that, had [the appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."). Appellants' second issue asserts that the evidence supporting the temporary injunction was insufficient. Presuming, as we must, that the missing portions of the record support the trial court's order, we overrule appellants' second issue. *See id*.

## III. CONCLUSION

We affirm the trial court's temporary injunction order. We dismiss any pending motions as moot.

LETICIA HINOJOSA
Justice

Delivered and filed the
7th day of January, 2021.