United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60782
(Summary Calendar)
_____

PETER BOGGAN,

Plaintiff-Appellant

MISSISSIPPI CONFERENCE OF THE
UNITED METHODIST CHURCH,

Defendant-Appellee

---------------------
Appeal from the United States District Court
the Southern District of Mississippi
(3:05-CV-553)
---------------------

BEFORE SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Peter Boggan, a Methodist minister previously employed as a pastor by Defendant-Appellee Mississippi Conference of the United Methodist Church ("MCUMC"), appeals the district court's Rule 12(b)(6) dismissal of his Title VII and 42 U.S.C. § 1981 action grounded in race discrimination. As fully explained by the court in its Memorandum Opinion and Order of May 5, 2006, Boggan's claims failed to present any basis for possible recovery, as they are among the larger class of employment discrimination claims that are barred by the so-called minister-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clergy exception, which is firmly rooted in the Free Exercise clause of the First Amendment to the United States Constitution. The district court rejected both of Boggan's alternative arguments, viz., that (1) our holdings in Combs v. Central Texas Annual Conference of the United Methodist Church, 173 F.2d 343 (5th Cir. 1999) and Starkman v. Evans, 198 F.3d 173 (5th Cir. 1999), which continued to approbate this exception, are not good law and should be rejected by this court, and (2) alternatively, his claim remains cognizable because elimination of race discrimination, as compelling government interest, should be addressed under the two-part test of the Religious Freedom Restoration Act ("RFRA"), by application of Title VII and § 1981, if — as Boggan contends — the Supreme Court's declaration of the RFRA's unconstitutionality in City of Boerne v. Flores, 521 U.S. 507 (1997) does not apply to federal law.

Having thoroughly reviewed the facts of this case and the applicable law as reflected in the record on appeal and the briefs of the parties, we are convinced that the district court ruled correctly in dismissing Boggan's action under Rule 12(b)(6). Our 1999 holdings in Combs and Starkman remain fully viable and controlling. Unless they are nullified by some future holding of the Supreme Court of the United States or by this court en banc, the courts of this circuit continue to be bound by the holdings of Combs and Starkman. For essentially the reasons cogently and correctly expressed by the district court, its judgment of

2

dismissal is, in all respects,

AFFIRMED.