**AFFIRMED; Opinion Filed March 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01303-CV

**CHARLES E. REESE, Appellant**

**V.**

**GENERAL ASSEMBLY OF FAITH CUMBERLAND PRESBYTERIAN CHURCH IN AMERICA, TEXAS SYNODIAL CUMBERLAND PRESBYTERIAN CHURCH IN AMERICA, BRAZOS RIVER PRESBYTERY OF THE CUMBERLAND PRESBYTERIAN CHURCH IN AMERICA, FAITH CUMBERLAND PRESBYTERIAN CHURCH IN AMERICA, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-01150**

## OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Charles E. Reese appeals from a judgment which granted Appellees' plea to the jurisdiction. We affirm.

### BACKGROUND

On September 18, 2009, Pastor Charles Reese entered into an employment agreement with Faith Cumberland Presbyterian Church in America ("Church"). The agreement provided that Reese would serve as pastor of the Church for a five-year period with the possibility of two additional five-year terms. In July 2011, the Church terminated Reese's employment.

Reese then filed a lawsuit against appellees for breach of contract and intentional infliction of emotional distress. Reese sought damages including, but not limited to, loss of future and past wages, punitive damages and attorney's fees. Appellees filed a Special Appearance, Special Exceptions, Plea to the Jurisdiction, Verified Denial and Original Answer. In the Plea to the Jurisdiction, Appellees alleged that the trial court lacked subject matter jurisdiction over Reese's claims based upon the First Amendment to the Constitution of the United States of America. The trial court granted appellees' Plea to the Jurisdiction and dismissed all of Reese's claims with prejudice. Reese then perfected this appeal.

## ANALYSIS

### A. Standard of Review

Lack of jurisdiction may be raised by a plea to the jurisdiction when religious-liberty grounds form the basis for the jurisdictional challenge. *Westbrook v. Penley,* 231 S.W.3d 389, 394 (Tex. 2007). A challenge to a trial court's subject matter jurisdiction is reviewed *de novo* by appellate courts. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We construe the pleadings in favor of the plaintiff and look to the pleader's intent when reviewing a trial court's order on a plea to the jurisdiction. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

### B. The First Amendment and the Ecclesiastical Abstention Doctrine

The First Amendment of the United States Constitution provides, in part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. CONST. amend. I. The free exercise clause precludes, among other things, government action that burdens the free exercise of religion "by encroaching on the church's ability to manage its internal affairs." *Torralva v. Peloquin*, 399 S.W.3d 690, 695–96 (Tex. App.—Corpus Christi 2013, pet. denied) (quoting *Westbrook*, 231 S.W.3d at 395). After the

–2–

ratification of the Fourteenth Amendment, the limitations on Congress in the First Amendment became equally applicable to state action abridging religious freedom. *See Everson v. Bd. of Educ. of Ewing*, 330 U.S. 1, 15 (1947).

To enforce this constitutional provision, federal and state courts have utilized the so-called "ecclesiastical abstention doctrine" and the "ministerial exception." The broad ecclesiastical abstention doctrine prohibits civil courts from exercising jurisdiction over matters concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Serbian E. Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 713–14 (1976); *see also Patton v. Jones*, 212 S.W.3d 541, 547–48 (Tex. App.—Austin 2006, pet. denied) (ecclesiastical abstention doctrine "prevents secular courts from reviewing many types of disputes that would require an analysis of 'theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required'") (quoting *Watson v. Jones*, 80 U.S. 679, 733 (1872)). The ministerial exception provides that civil courts lack subject matter jurisdiction to decide cases concerning employment decisions by religious institutions concerning a member of the clergy or an employee in a ministerial position. *Torralva*, 399 S.W.3d at 695 ("The 'ministerial exception' refers to the application of the [ecclesiastical abstention] doctrine in the employment context."). The Supreme Court recently acknowledged the existence of the "ministerial exception" grounded in the First Amendment that precludes application of the employment discrimination laws to claims concerning the employment relationship between a religious institution and its ministers. *Hosanna-Tabor Evangelical Lutheran Church and Sch. v. E.E.O.C.*, 132 S. Ct. 694, 705–6 (2012).

**C. The Court Properly Granted Appellees' Plea to the Jurisdiction**

The question in this appeal is whether the trial court correctly determined that it lacked subject matter jurisdiction over Reese's claims against appellees. To do so, we must look to the "substance and effect of a plaintiff's complaint to determine its ecclesiastical implication, not its emblemata." *Westbrook*, 231 S.W.3d at 405 (quoting *Tran v. Fiorenza*, 934 S.W.2d 740, 743 (Tex. App—Houston [1st Dist.] 1996, no pet.).

Under various causes of action, Reese alleges that the Church harmed him by terminating his employment. To determine the efficacy of his claims, the courts would have to decide whether the termination of his employment was wrongful or premature. The free exercise clause of the Constitution prohibits the courts from reviewing employment decisions regarding ministers. *See Starkman v. Evans*, 198 F.3d 173, 175 (5th Cir. 1999) (free exercise clause of First Amendment barred choir director's claims against church and reverend under the ADA and Louisiana employment law); *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877 (Tex. App—Dallas 2000, pet. denied), *cert. denied*, 533 U.S. 951 (2001) (establishment and free exercise clauses barred missionary's claims against church while performing missionary services); *Jennison v. Prasifka*, 391 S.W.3d 660, 668 (Tex. App—Dallas 2013, no pet.) (the substance of Jennison's claim—slander, tortious interference with a contractual relationship and wrongful discharge—are inextricably intertwined with the church's investigation of his performance as a priest and the discipline imposed by the church and, as such, the substance of the suit relates to internal church matters of governance and discipline and the ecclesiastical abstention doctrine applies).

Assuming subject matter jurisdiction over Reese's claims would also be an affront to the recent Supreme Court holding in *Hosanna-Tabor*. Although *Hosanna-Tabor* limited its holding to the application of the ministerial exception to an employment discrimination claim, the

Supreme Court included broad language in it opinion that is directly on point to the facts in this case. For example, the Supreme Court held:

> [r]equiring a church to accept or retain an unwanted minister, or punishing a church for failing to do so, intrudes upon more than a mere employment decision. Such action interferes with the internal governance of the church, depriving the church of control over the selection of those who will personify its beliefs. By imposing an unwanted minister, the state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments. According the state the power to determine which individuals will minister to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions.

*Hosanna-Tabor,* 132 S. Ct. at 706. The Supreme Court further held that:

> [Respondent] continues to seek frontpay in lieu of reinstatement, backpay, compensatory and punitive damages, and attorney's fees. An award of such relief would operate as a penalty on the Church for terminating an unwanted minister, and would be no less prohibited by the First Amendment than an order overturning the termination. Such relief would depend on a determination that [the church] was wrong to have relieved [respondent] of her position, and it is precisely such a ruling that is barred by the ministerial exception.

*Id.* at 709. Here, if the Court were to second guess the Church's decision to terminate Reese it would deprive the Church of its right "to shape its own faith and mission" by "imposing an unwanted minister." Further, Reese is seeking damages nearly identical to those sought by the respondent in *Hosanna-Tabor.* As such, any monetary award by the Court would "operate as a penalty on the Church for terminating an unwanted minister." Clearly, failure to extend the crux of *Hosanna-Tabor* to the instant case would result in the untenable consequence of the Court establishing religion and preventing the free exercise thereof in violation of the First Amendment.

Because Reese's pleading affirmatively negates the court's subject matter jurisdiction, the trial court properly dismissed the case.

**CONCLUSION**

We resolve appellant's sole issue against him and affirm the trial court's order.


/David Evans/
DAVID EVANS
JUSTICE


121303F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES E. REESE, Appellant

No. 05-12-01303-CV      V.

GENERAL ASSEMBLY OF FAITH
CUMBERLAND PRESBYTERIAN
CHURCH IN AMERICAN, TEXAS
SYNODIAL CUMBERLAND
PRESBYTERIAN CHURCH IN AMERICA
BRAZOS RIVER PRESBYTERY OF THE
CUMBERLAND PRESBYTERIAN
CHURCH IN AMERICA, and FAITH
CUMBERLAND PRESBYTERIAN
CHURCH IN AMERICA, Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-01150.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GENERAL ASSEMBLY OF FAITH CUMBERLAND PRESBYTERIAN CHURCH, ET AL., recover THEIR costs of this appeal from appellant CHARLES E. REESE.

Judgment entered this 14th day of March, 2014.

/David Evans
DAVID EVANS
JUSTICE