**AFFIRMED and Opinion Filed November 30, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00671-CV

### ST. JOHN MISSIONARY BAPTIST CHURCH, SYMPHUEL ANDERSON, BEVERLY DAVIS AND PATRICIA MAYS, Appellants
### V.
### MERLE FLAKES, ELOISE SQUARE, MARY JO EVANS, ANNIE KATHERINE WHITE, ELLA MAE ROLLINS, EDDIE ABNEY, GWENDOLYN BROWN, MARK HORTON, DAVID PAILIN, SR., DEE PATTERSON AND PENNY WHITE, Appellees

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04696**

## MEMORANDUM OPINION ON REMAND
Before Justices Schenck, Carlyle,[1] and Evans
Opinion by Justice Evans

In this appeal, appellants St. John Missionary Baptist Church, Symphuel

Anderson, Beverly Davis, and Patricia Mays assert that the trial court erred by

granting the motion to dismiss and plea to the jurisdiction filed by appellees Merle

Flakes, Eloise Square, Mary Jo Evans, Annie Katherine White, Ella Mae Rollins,

---

[1] The Honorable Justice Cory L. Carlyle succeeded the Honorable Douglas Lang, a member of the original panel. Justice Carlyle has reviewed the briefs and the record before the Court.

Eddie Abney, Gwendolyn Brown, Mark Horton, David Pailin, Sr., Dee Patterson and Penny White. On original submission, we affirmed the trial court's judgment based on appellants' failure to challenge all grounds upon which the trial court could have granted appellees' motion to dismiss and plea to the jurisdiction. *See St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311 (Tex. App.—Dallas 2018), *rev'd*, 595 S.W.3d 211 (Tex. 2020). We previously concluded that because appellants had only addressed standing, and failed to address the ecclesiastical abstention doctrine, we had no discretion but to affirm based on *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970). *St. John Missionary Baptist Church*, 547 S.W.3d at 313–14. The supreme court reversed our judgment concluding the ecclesiastical abstention doctrine and standing issues were "so inextricably entwined" that *Malooly* was inapplicable in this case. *St. John Missionary Baptist Church*, 595 S.W.3d at 214. The supreme court then remanded the case to this Court. *Id.* at 216. We now consider the arguments presented in appellees' motion to dismiss and plea to the jurisdiction and make our determination on the merits.

## BACKGROUND FOR DECISION ON THE MERITS

On September 27, 2014, St. John Missionary Baptist Church ("St. John") held a specially–called church conference in which a majority of those present voted to terminate Bertrain Bailey's contract as pastor of St. John. Although Merle Flakes, the chairman of St. John's trustee board, and Bailey were notified of the vote, Bailey refused to step down and Flakes continued to pay Bailey's salary. On January 18,

–2–

2015, a church conference was held and motions were carried to appoint church officers (including Bailey as pastor), authorize the board of trustees to sell real property owned by the church and the "removal of the Right Hand of Fellowship from the members who filed legal actions in the form of an eviction of the pastor on behalf of St. John Missionary Baptist Church."  Appellants allege that "[m]embers who participated in the Special Called Church Conference received notification that their membership in the church was revoked and appearance on church property [would] resulted [sic] in police interference and their physical removal from the premises."

Appellants, the St. John members who sought to terminate Bailey, sued appellees, the St. John members who supported Bailey, asserting a claim for breach of fiduciary duty as well as equitable relief, including an accounting and injunctive relief.  Appellants allege that appellees breached their fiduciary duties to them by failing to "affect the vote of the membership in terminating" Bailey, by continuing to pay Bailey, and by entering into loan contracts on behalf of the church without accounting for such funds.  In regard to the injunctive relief, appellants request that appellees be restrained from: (1) using church funds and resources to pay for anything other than payments due on existing loans or mortgages, utility bills, and salaries for the church clerk, musicians and janitorial services; (2) using church funds and resources to directly or indirectly pay Bailey; (3) entering into any transaction that transfers title of ownership from St. John, including the listing of St.

John properties for sale; and (4) denying entrance into St. John by the appellants and other "terminated" members.

Appellees filed a motion to dismiss and a plea to the jurisdiction based on two arguments—standing and the ecclesiastical abstention doctrine. Appellees attached a copy of St. John's bylaws to this motion, which included the following provision:

> The right hand of fellowship will be automatically withdrawn from any member who takes legal action against the church or church leadership without the approval of the Pastor, Board of Trustees and the membership of the church.

Appellants assert that appellees fail to make any "allegation as to how, when or even if St. John adopted" this version of the bylaws.[2] Appellees also attached what they alleged were instruments from a January 2015 congregational conference at which a majority of church members voted to authorize the sale of church properties and approved a motion supporting the excommunication of the appellants.

The trial court granted appellees' motion without specifying on which issue its decision rested. Appellants appealed and only addressed the standing argument in their appellate brief. This Court affirmed because appellants failed to challenge all possible bases for the decision. As stated above, the supreme court reversed and remanded the case to this Court. We now review the trial court's decision on the merits.

---

[2] The bylaws dated March 1982 attached to the Second Amended Petition do not contain the provision listed above.

## ANALYSIS

In their motion to dismiss and plea to the jurisdiction, appellees asserted that the trial court lacked subject-matter jurisdiction and standing to hear the case.

### A.     Plea to the Jurisdiction

In their plea to the jurisdiction, appellees assert that the trial court lacked jurisdiction based upon the ecclesiastical abstention doctrine.

#### 1.     Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Jennison v. Prasifka*, 391 S.W.3d 660, 664 (Tex. App.—Dallas 2013, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).  A plea questioning the trial court's subject-matter jurisdiction raises a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).  Lack of jurisdiction may be raised by a plea to the jurisdiction when religious-liberty grounds form the basis for the jurisdictional challenge. *Id.*

#### 2.     Ecclesiastical Abstention Doctrine

The ecclesiastical abstention doctrine arises from the Free Exercise Clause of the First Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment. *See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."); *Jennison*, 391 S.W.3d at 664.  Government action can burden

the free exercise of religion in one of two ways: by interfering with an individual's observance or practice of a particular faith or by encroaching on the church's ability to manage its internal affairs. *See Jennison*, 391 S.W.3d at 664. The broad ecclesiastical abstention doctrine prohibits civil courts from exercising jurisdiction over matters concerning theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them. *Reese v. Gen. Assembly of Faith Cumberland Presbyterian Church in Am.*, 425 S.W.3d 625, 627 (Tex. App.—Dallas 2014, no pet.).

However, because churches, their congregations, and hierarchy exist and function within the civil community, the ecclesiastical abstention doctrine does not preclude civil courts from reviewing matters that involve civil, contract or property rights that stem from church controversy. *Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.). The difficulty arises in determining whether a dispute is ecclesiastical or simply a civil law controversy in which church officials happen to be involved. *Tran v. Fiorenza*, 934 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1996, no writ). Courts must look to the substance and effect of a plaintiff's complaint to determine its ecclesiastical implication, not its emblemata. *Id.* For those disputes we can resolve, Texas courts must apply a "neutral principles methodology" meaning they apply neutral principles of law to non-ecclesiastical issues involving religious entities in the same manner as they apply those principles

to other entities and issues. *El Pescador Church, Inc. v. Ferrero*, 594 S.W.3d 645, 655 (Tex. App.—El Paso 2019, no pet.).

In their briefing, appellants frame the argument as whether the following events were conducted in accordance with the church bylaws: (1) the termination of Bailey and (2) the 2015 meeting addressing the sale of the church property and excommunication of members.[3] We disagree with this characterization based upon our review of the actual equitable relief sought by appellants and the ecclesiastical implications at issue in this case.

### i) Termination of pastor

Appellants seek to have appellees restrained from using church funds to pay Bailey, and that they only be allowed to use church funds for existing loans or mortgages, utility bills, and salaries for the church clerk, musicians and janitorial services. Such a determination, however, would encroach on the church's ability to manage its internal affairs because it involves the employment status of the pastor. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020)

---

[3] Appellants assert that their claims do not implicate the ecclesiastical abstention doctrine based on the following argument:

> Appellants' claims implicate no theological or ecclesiastical question.

> At least at present, appellants do not challenge whether Bailey *should be* terminated, nor do they challenge whether the church's property *should be* sold. Instead, their present claims seek adjudication only of whether Bailey *was* terminated under the bylaws, and whether the 2015 meeting—including the vote on property sales and, apparently, excommunication—was conducted in compliance with the bylaws. The ecclesiastical-abstention doctrine has nothing to do with these claims.

("The independence of religious institutions in matters of 'faith and doctrine' is closely linked to independence in what we have termed 'matters of church government.' This does not mean that religious institutions enjoy a general immunity from secular laws, but it does protect their autonomy with respect to internal management decisions that are essential to the institution's central mission. And a component of this autonomy is the selection of the individuals who play certain key roles.") (internal citations omitted). Texas courts have consistently held that the relationship between an organized church and its ministers is its lifeblood, and matters concerning this relationship must be recognized as of prime ecclesiastical concern. *Tran*, 934 S.W.2d at 743; *Dean*, 994 S.W.2d at 395 (a pastor's ouster is ecclesiastical in nature); *Gerard v. South Dallas Missionary Baptist Church*, No. 05-01-01612-CV, 2002 WL 31375704, at *1 (Tex. App.—Dallas Oct. 23, 2002, no pet.) (mem. op.) ("Our review of the record shows the controversy centers around whether the pastor should be voted out of the church. We agree with the *Dean* court that the issue of a pastor's ouster is ecclesiastical in nature. The trial court therefore did not have jurisdiction over this case, and did not err in dismissing the case for want of jurisdiction.") (internal citations omitted). Courts should not involve themselves in matters relating to the hiring, firing, discipline, or administration of clergy. *Dean*, 994 S.W.2d at 395. Accordingly, this dispute ultimately concerns matters of church governance in which the court may not intervene.

### ii) Denial of entrance to church

Appellants also seek to enjoin appellees from "[d]enying entrance into St. John by the Plaintiffs and other terminated members." In regard to this issue, we note that Texas law clearly states that the question of who may be admitted or excluded from a house of worship is a religious question and we may not intervene in such disputes. *Westbrook*, 231 S.W.3d at 398 (noting the supreme court has long recognized a structural restraint on the constitutional power of civil courts to regulate matters of religion in general, and of church discipline in particular); *Singh v. Sandhar*, 495 S.W.3d 482, 489 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Intervenors' complaint that they were prevented from participating in temple elections, denied membership rights, and removed from the membership list is exactly the type of ecclesiastical matter into which the civil courts cannot constitutionally intervene . . . ."); *Retta v. Mekonen*, 338 S.W.3d 72, 77 (Tex. App.—Dallas 2011, no pet.) ("The question of who may be admitted and who may be excluded from a house of worship is a religious question."). Once again, this dispute concerns ecclesiastical matters in which the court may not intervene.

### iii) Sale of property

In their requested injunctive relief, appellants seek to enjoin appellees from entering into any transaction that transfers title of ownership from St. John, including the listing of St. John properties for sale. With regard to the sale of property, we note, as a general matter, "Texas courts should use the neutral principles

methodology to determine property interests when religious organizations are involved." *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 606 (Tex. 2013). In this case, the church bylaws provide that the Board of Trustees has primary responsibility for matters involving property, personnel, finance and insurance, subject to the report of its actions to the Joint Board and those requiring approval of the church.[4] In January 2015, a vote was held to determine whether the Board of Trustees should be given authority to "evaluate church assets and execute agreements that will generate revenue for St. John." There is also an allegation in appellants' petition that only members who were in "good standing" were allowed to participate in this vote. Accordingly, the heart of the issue is not whether the Board of Trustees acted in accordance with the bylaws of the church, but whether some members were prevented from voting based upon the church's interpretation of "good standing." We cannot make a determination of which members were in good standing with the church without infringing upon the church's internal membership provisions and disciplinary guidelines. *Episcopal Diocese of Fort Worth v. Episcopal Church*, 602 S.W.3d 417, 432–33 (Tex. 2020) ("In sum, TEC's determinations as to which faction is the true diocese loyal to the church and which

---

[4] Both sets of bylaws submitted contain an almost identical provision. The bylaws submitted by appellants state: "The Trustees will have primary responsibility for matters involving property, personnel, finance and insurance provided that Trustees shall report all matters to Joint Boards and matters requiring approval by the Church shall be submitted to the Joint Boards first." The bylaws submitted by appellees state: "The Trustees will have primary responsibility for matters involving property, personnel policy, finance and insurance provided that Trustees shall report all matters to the Joint Board. Matters requiring approval by the Church shall be submitted to the Joint Board first."

congregants are in good standing are ecclesiastical determinations to which the courts must defer."); *Westbrook*, 231 S.W.3d at 398 (citing *Minton v. Leavell*, 297 S.W. 615, 621–22 (Tex. App.—Galveston 1927, writ ref'd)) (courts have consistently applied the ecclesiastical abstention doctrine to matters of church discipline, membership, and expulsion because "a church has a right to decide for itself whom may be admitted into membership, who shall be expelled or excluded from its fold."). Accordingly, this is not a decision which can be made based on neutral principles of law and we may not intervene. *Westbrook*, 231 S.W.3d at 398; *Singh*, 495 S.W.3d at 490; *Retta*, 338 S.W.3d at 77.

After looking at the substance and effect of the petition to determine its ecclesiastical implication, we conclude that the only proper action for the trial court was to dismiss the case. Because we affirm the trial court's granting of the motion to dismiss and plea to the jurisdiction based upon the ecclesiastical abstention doctrine, we do not address appellants' standing argument.

## CONCLUSION

We conclude the trial court did not err in granting the motion to dismiss and plea to the jurisdiction filed by appellees.

Accordingly, we affirm the trial court's order dismissing the case.


/David Evans/
DAVID EVANS
JUSTICE


Carlyle, J., concurring in judgment only, without opinion

160671F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ST. JOHN MISSIONARY BAPTIST CHURCH, SYMPHUEL ANDERSON, BEVERLY DAVIS AND PATRICIA MAYS, Appellants

No. 05-16-00671-CV     V.

MERLE FLAKES, ELOISE SQUARE, MARY JO EVANS, ANNIE KATHERINE WHITE, ELLA MAE ROLLINS, EDDIE ABNEY, GWENDOLYN BROWN, MARK HORTON, DAVID PAILIN, SR., DEE PATTERSON AND PENNY WHITE, Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-15-04696. Opinion delivered by Justice Evans. Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MERLE FLAKES, ELOISE SQUARE, MARY JO EVANS, ANNIE KATHERINE WHITE, ELLA MAE ROLLINS, EDDIE ABNEY, GWENDOLYN BROWN, MARK HORTON, DAVID PAILIN, SR., DEE PATTERSON AND PENNY WHITE recover their costs of this appeal from appellants ST. JOHN MISSIONARY BAPTIST CHURCH, SYMPHUEL ANDERSON, BEVERLY DAVIS AND PATRICIA MAYS.

Judgment entered November 30, 2020.