Lake WATERS et al., Appellants,

v.

Herman HARGEST et al., Appellees.

No. 8788.

Court of Civil Appeals of Texas, Texarkana.

Dec. 19, 1979.

James C. Plummer, Jefferson & Maley, Houston, for appellants.

Bird Old, Jr., Old and Old, Mount Pleasant, for appellees.

CORNELIUS, Chief Justice.

This appeal arises out of a dispute between two factions of the Zion Hill Baptist Church of Upshur County, Texas. One faction filed suit against the pastor, the deacons and the trustees of the Church to compel them to call a congregational meeting so that the entire membership of the Church could vote to determine whether the pastor, Rev. J. J. Jones, would remain in that office. The suit also sought to compel the defendants to submit a full financial report of the condition of the Church. The defendants answered with a general denial and asserted a counterclaim seeking an injunction prohibiting plaintiffs from disrupting the services and otherwise interfering with Rev. Jones' attempts to preach and to preside over the services. More importantly, the defendants alleged that there existed a valid and enforceable contract of employment between the Church and Rev. Jones which the plaintiffs were threatening to violate, and they sought declaratory judgment settling the respective rights of the parties under the contract. A copy of the minutes of the meeting at which the contract was approved was attached to the counterclaim.

By agreement, the trial judge entered an interim order appointing a moderator to preside over a special meeting to be held by the congregation. The court also ordered the officers of the Church to deliver a financial statement of the condition of the Church to the plaintiffs at least 10 days prior to the meeting. On December 21, 1978, the meeting was held, and by a one vote majority of the members present, the pulpit of the Church was declared vacated. On May 15, 1979, the trial judge, after overruling the defendants' objections to the moderator's report, signed and entered an order of dismissal which stated:

"... the Court finds that the matters involved in this suit concern only the internal affairs of Zion Hill Baptist Church and only matters of an ecclesiastical nature. Accordingly, upon the Court's own motion, all causes of action asserted herein by Plaintiffs and Defendants are, and the same are hereby DISMISSED."

■■■ The court should not have dismissed the suit. The first amendment to the United States Constitution prohibits the civil courts from exercising jurisdiction over purely ecclesiastical matters involved in church related disputes, but it does not forbid those courts from adjudicating property rights of the church or of the members, so long as such rights can be determined by the application of neutral principles of law developed for use in all property disputes and which can be applied without "establishing" a church. *Jones v. Wolf,* 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979); *Presbyterian Church v. Hull Church,* 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969); *Presbytery of the Covenant v. First Presbyterian Church of Paris,* 552 S.W.2d 865 (Tex.Civ.App.Texarkana 1977, no writ); *Gray v. Saint Matthews Cathedral Endowment Fund,* 544 S.W.2d 488, 97 A.L.R.3d 1197 (Tex.Civ.App.Texarkana 1976, writ ref'd n. r. e.). Contractual rights are "property rights" within the meaning of the rule. Just as a church can contract with persons outside the church membership, it can contract with its own pastor, and so long as the determination of the parties' rights can be accomplished by the application of neutral principles of law without the necessity of adjudicating matters of church doctrine or determining matters of church government in a hierarchical church, the civil courts should not hesitate to take jurisdiction and adjudicate the controversy. See for example *Mayhew v. Vanway,* 371 S.W.2d 90 (Tex.Civ.App.Houston 1963, no writ). It is undisputed here that the Zion Hill Baptist Church is a congregational church, being completely autonomous and governed by majority rule. There being no hierarchical constitution or regulations governing the right of the church to contract, and no church adjudicatories having jurisdiction to

determine questions concerning such contracts, the controversy regarding Rev. Jones' alleged contract can be determined solely by the application of neutral principles of law.

Appellants and appellees both complain of the trial court's assessment of costs to them equally. We have carefully considered the respective arguments relating to the question and have concluded that the trial court did not abuse its discretion in so assessing the costs.

Insofar as it dismissed appellants' counterclaim, the judgment is reversed and the cause is remanded for trial. Appellees did not appeal the dismissal of their cause of action; therefore the judgment is affirmed in all other respects.