ACCEPTED
14-15-00087-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 4:11:58 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00087-CV

IN THE COURT OF APPEALS FOR THE
FOURTEENTH JUDICIAL DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 4:11:58 PM
CHRISTOPHER A. PRINE
Clerk

Harpinder Singh, Jagjit S. Gill, and Baldev Singh, et al
*Appellants,*

v.

Gurnam Singh Sandhar, As The Chairman Of The Prabandhak Executive
Committee, Inqlabi Thandi, Daljit Singh, Baljinder Singh Bhatti, Sudagar  Singh
Virk, and Baljinder  Singh
*Appellees.*

On Appeal from the 55th Judicial District Court, Harris County, Texas
Trial Court No. 2013-51397
Honorable Jeff Shadwick, Judge Presiding

**BRIEF OF APPELLEES GURNAM SINGH SANDHAR, AS THE CHAIRMAN OF
THE PRABANDHAK EXECUTIVE COMMITTEE, INQLABI THANDI, DALJIT
SINGH, BALJINDER SINGH BHATTI, SUDAGAR  SINGH VIRK, AND
BALJINDER  SINGH**

1

# IDENTITY OF PARTIES

Appellees Gurnam Singh Sandhar, As The Chairman Of The Prabandhak Executive Committee, Inqlabi Thandi, Daljit Singh, Baljinder Singh Bhatti, Sudagar Singh Virk, and Baljinder Singh certify that the following is a complete list of counsel and parties to the judgment from which this appeal is taken:

## Appellant

Harpinder Singh, Jagjit S. Gill, and Baldev Singh

## Counsel for Appellants

Jared Woodfill
State Bar No. 00788714
*jwoodfill@woodfilllaw.com*

Kristen Coleman
State Bar No. 24038825
*kcoleman@woodfilllaw.com*

**Woodfill Law Firm, PC**
3131 Eastside St., Suite 450
Houston, Texas 77098
Main: (713) 751-3080
Facsimile: (713) 751-3058

## Appellees

Gurnam Singh Sandhar, As The Chairman Of The Prabandhak Executive Committee, Inqlabi Thandi, Daljit Singh, Baljinder Singh Bhatti, Sudagar Singh Virk, and Baljinder Singh

## Counsel for Appellees

Dan Patton
State Bar No. 24013302
*dpatton@scottpattonlaw.com*

Jarod Bonine
State Bar No. 24040544
*dpatton@scottpattonlaw.com*

SCOTT PATTON PC
3939 Washington Avenue, Suite 203
Houston, TX 77007
Main: (281) 377-3311
Fax: (281) 377-3267

The following are parties to the trial court proceeding or others interested in

the outcome of this lawsuit, but are not parties to this appeal:

**Plaintiff**

Tarlochan Singh

**Plaintiff's Trial Counsel**

Breseida M. Luna
State Bar No. 24070184
Luna & Associates
2425 West Loop South, Suite 200
Houston, Texas 77027
bluna@lunalawassociates.com
Telephone: 713-364-6510
Facsimile: 713-581-1016

**Defendant**

Gurudwara Sahib of Houston, Inc.

**Defendant's Trial Counsel**

Dilip M. Amin
12439 FM 1960 PMB 180
Houston, Texas 77065
Dilipamin_2003@yahoo.com
Telephone: 832-287-1188
Facsimile: 281-469-1876

**Third Party Defendants**

Tirath Singh Khera, Manjit Singh Dhinsa, and Parwinder Singh Gill

**Third Party Defendants Trial Counsel**

Robert E. Talton
Talton Law Firm
4320 Fox Meadow Lane
Pasadena, Texas 77504
Telephone:   713-941-1151

**District Court Judge**

The Honorable Jeff Shadwick

55TH JUDICIAL DISTRICT COURT
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, Texas 77002
Main: 713-368-6055

# TABLE OF CONTENTS

IDENTITY OF PARTIES ...................................................................................................2

TABLE OF CONTENTS..................................................................................................5

REFERENCES TO THE RECORD ................................................................................6

INDEX OF AUTHORITIES ...........................................................................................7

STATEMENT ON ORAL ARGUMENT ........................................................................9

STATEMENT OF THE CASE.........................................................................................9

ISSUES PRESENTED ................................................................................................. 10

STATEMENT OF FACTS............................................................................................. 10

SUMMARY OF ARGUMENT..................................................................................... 15

ARGUMENT ............................................................................................................... 17

    I.   Standard of Review................................................................................... 17

    II.  The Trial Court Properly Disposed of Appellants' Claims on Summary
        Judgment Because it Lacked Subject Matter Jurisdiction Concerning the
        Membership In, And Internal Governance Of, The Gurudwara ...................... 17

    III. The Trial Court Properly Deferred the Membership Dispute to the
        Gurudwara's Highest Authority – High Priest Saranjeet Singh ......................... 25

    IV. Regardless of Appellants' Purported Causes of Action; The Trial Court Still
        Lacked Subject Matter Jurisdiction Because Appellants Requested Relief Was
        Reinstatement as Members of the Gurudwara ...................................................... 28

CONCLUSION ........................................................................................................... 30

# REFERENCES TO THE RECORD

| *Reference* | *Meaning* |
|---|---|
| CR*x* | Clerk's Record at page *x* |
| RR*x* | Reporter's Record at page *x* |

# INDEX OF AUTHORITIES

*C.L. Westbrook, Jr. v. Penley,*
  231 S.W.3d 389, 398 (Tex. 2007) (emphasis added) ................................................................18

*Dean v. Alford,*
  994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.) ........................................ 19, 25

*Fesseha v. Ethiopian Orthodox Tewahedo Debre Meheret St. Michael's Church In Dallas,*
  05-10-00202-CV, 2011 WL 2685969, at *3 (Tex. App.—Dallas 2011, no pet.) ..................21

*Greanias v. Isaiah,*
  01-04-00786-CV, 2006 WL 1550009, at *8-10 (Tex. App.—Houston [1st Dist.] 2006, no
  pet.) ..........................................................................................................................................22

*Green v. United Pentecostal Church Int'l,*
  899 S.W.2d 28, 30 (Tex. App.—Austin 1995, writ denied) .....................................................21

In re Godwin,
  293 S.W.3d 742, 749 (Tex. App.—San Antonio 2009, orig. proceeding) .............................22

*Klouda v. Sw. Baptist Theological Seminary,*
  543 F. Supp. 2d 594, 612-13 (N.D. Tex. 2008) ......................................................................22

*Mangum v. Searingen,*
  565 S.W.2d 957, 959 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) ........................21

*Masterson v. Diocese of Nw. Texas,*
  422 S.W.3d 594, 605-06 (Tex. 2013), reh'g denied (Mar. 21, 2014) ......................................26

*Patterson v. Southwestern Baptist Seminary,*
  858 S.W.2d 602, 605–606 (Tex. App.—Fort Worth 1993, no writ)) .....................................27

*Provident Life Accid. & Ins. Co. v. Knott,*
  128 S.W.3d 211, 215 (Tex. 2003) ...........................................................................................15

*Retta v. Mekonen,*
  338 S.W.3d 72, 76 (Tex. App.—Dallas 2011, no pet.) ............................................................19

*Sherbert v. Verner,*
  374 U.S. 398, 403, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) ....................................................22

*Smith v. N. Tex. Dist. Council of Assemblies of God & House of Grace,*
  02–05–00425–CV, 2006 WL 3438077, at *3 (Tex. App.—Fort Worth 2006, no pet.)
  (mem. op.) ................................................................................................................................20

*Torralva v. Peloquin,*
  399 S.W.3d 690, 697 (Tex. App.—Corpus Christi 2013, pet. denied) (same holding) ........22

*Tran v. Fiorenza,*
  934 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1996, no writ) ..................................27

*Turner v. Church of Jesus Christ of Latter–Day Saints, 1*
8 S.W.3d 877, 894–96 & n. 14 (Tex. App.—Dallas 2000, pet. denied) (emphasis added)..17

*Valence Operating Co. v. Dorsett,*
164 S.W.3d 656, 661 (Tex. 2005) .........................................................................................15

*Walker v. Anderson,*
232 S.W.3d 899, 908 (Tex. App.—Dallas 2007, no pet.) ........................................................15

*Waters v. Hargest,*
593 S.W.2d 364, 365 (Tex. Civ. App.—Texarkana 1979, no writ)) .......................................26

*Westbrook v. Penley,*
231 S.W.3d 389, 395 (Tex. 2007) .........................................................................................16

*Williams v. Gleason,*
26 S.W.3d 54, 59 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)...............................27

## STATEMENT ON ORAL ARGUMENT

The relevant facts underlying this appeal are straightforward and the applicable law is well settled. Thus, it is unlikely oral argument would aid the Court's decisional process.

## STATEMENT OF THE CASE

**Nature of the Case:** Appellants are appealing a summary judgment in favor of Appellees. (CR 201-02). Appellants brought suit against Appellees and other defendants alleging various causes of action concerning their membership in, and voting rights related to, a Sikh Temple in Houston, Texas. (CR 263-67.)

**Course of Proceedings:** Appellants filed suit against Appellees seeking reinstatement as voting members in the Gurudwara Sahib of Houston, Inc. (the "Gurudwara" or "Temple"). (CR 263-37.) Appellees moved for summary judgment on all claims based on the court's lack of subject matter jurisdiction over these purely ecclesiastical concerns under the Establishment Clause of the United States Constitution and the Ecclesiastical Abstention Doctrine. (CR 184-260.) The trial court, in an interlocutory order dated October 15, 2013, refused to exercise judicial power over the internal affairs of the Gurudwara and deferred all concerns related to voting membership to the Temple's high priest. (CR 230.) Thus, lacking subject matter jurisdiction over the claims asserted in Appellants' lawsuit, granted Appellees motion for summary judgment in an order dated October 3, 2014. (CR 874-76.)

**Trial Court Disposition:** The trial court subsequently granted Appellees

9

Motion for Final Judgment in an order dated October 27, 2014. (CR 884.)

Appellants filed a Motion for New Trial and appealed the trial court's judgment. (CR 886, 901.)

## ISSUES PRESENTED

The trial court's summary judgment on grounds that it lacked jurisdiction over the church membership dispute must be affirmed because as a matter of law because:

1. The First Amendment's Establishment Clause and the Ecclesiastical Abstention Doctrine strictly prohibit judicial interference in church membership disputes and therefore the trial court lacked subject matter jurisdiction over this church membership dispute;

2. Instead of interfering in a matter of internal church governance – a dispute over church membership – the trial court properly deferred the dispute the temple's highest authority, High Priest Saranjeet Singh; and

3. Regardless of the causes of action pled by Appellants, the trial court properly granted summary judgment because it simply lacked the subject matter jurisdiction to order the requested relief sought by Appellants – reinstatement as voting members in the Temple.

## STATEMENT OF FACTS

The Gurudwara is a Sikh Temple located in north Houston. (CR 198.) Appellees Gurnam Singh Sandhar, Inqlabi Thandi, Daljit Singh, Baljinder Singh Bhatti, Sodagar Singh Virk, and Baljinder Singh (the "Appellees") are members of the Gurudwara. (CR 263-65) Under its by-laws, executive power lies with a seven (7) member Prabandhak Committee (the "PC") that is elected annually by all voting members of the Gurudwara. (CR 522.)

10

In the latter part of 2012, Appellants and those affiliated with them introduced a deluge of new applications that, if accepted, would have increased the Temple's membership from less than 800 members to over 1,700 members. (CR 757.) According to the by-laws, prospective applicants require the **unanimous** **approval** of the PC before they can be admitted to the general membership. (CR 200.) No party to this matter disputes that the by-laws require unanimous approval of members.

Two members of the 2012 PC—Appellee Dr. Inqlabi Thandi and Tara Grewal—objected to many members that applied for 2012. (CR 212-13.) Appellants are some of the individuals that Appellee Thandi and Mr. Grewal rejected. (CR 263-67.) Thus, there is absolutely no dispute that Appellants never received unanimous approval of the PC that is required under the by-laws to be a voting member of the Gurudwara. (CR 212-13.)

In December of 2012, two opposing factions in the PC agreed to alternate their individual self-appointed PC for 2013 and 2014 instead of holding the general membership election mandated by the by-laws. (CR 5, 120 156, 522.) This self-appointed 2013 PC then called a meeting to amend the by-laws of the Gurudwara to change the manner in which the PC is elected. (CR 42-43) The Plaintiff, a Temple member unhappy with this decision, filed suit and brought claims for equitable relief, fraud, declaratory judgment and injunctive relief. (CR 5-21.)

On September 27, 2013, the trial court signed a Temporary Injunction, and on October 15, 2013, the court amended and clarified its Temporary Injunction, upon

motion by Appellees. In its Orders, the court ordered a new election to take place in accordance with the by-laws. The court made the following orders regarding that election:

- "The Committee, so constituted, shall conduct an annual meeting and election as was scheduled on December 30, 2012, such meeting to occur within 45 days of the date of this order . . . ."

- "Finally, the authority granted to the Akal Takht (who is presently Bhail Sharnjeet Singh) in paragraph 4 of the Order, **includes the authority and responsibility to finally resolve all issues which the Committee and/or Directors are not able or willing to resolve**. **This includes but is not limited to resolving issues related to the membership list for purposes of the election ordered by the Court**."

(CR 163-64.)

After receiving such orders, two Directors of the PC, Appellee Thandi and Mr. Grewal, attempted on several occasions to confer with the other members of the reconstituted PC regarding the membership list to be used at the court-ordered election. (CR 766.) However, the other PC Members *refused* to meet with them. (CR 767.) Instead, the other PC Members offered a membership list for the court-ordered election even though that list was never unanimously approved by the PC as required by the by-laws. (*Id.*) **The By-Laws require unanimous PC approval for applicants before they are considered members** (CR 200), and Dr. Thandi and Mr. Grewal had never approved of over 1,000 of the new applicants on the competing list (that included Appellants).

12

Because the other PC Members refused to meet and confer with Appellee Thandi and Mr. Grewal regarding the membership list issues, Appellee Thandi and Mr. Grewal requested that the High Priest, Bhail Sharnjeet Singh, resolve the dispute, as directed by the court's orders. (212-13, 264.) Upon review of the membership lists, the High Priest issued a High Priest Approved Membership List for use at the election. (CR 555, 597, 629.) This High Priest Approved Membership List was filed with the court on October 31, 2013. (CR 555.)

When Plaintiff and Third-Party Defendants discovered that the High Priest was not going to resolve the membership issue in their favor, they unilaterally fired the High Priest without a proper PC meeting, despite the court's order that the Gurudwara only act in the ordinary course of business. (CR 234.)

As the election approached, Appellee Thandi and Mr. Grewal were not even being included in PC meetings. (CR 767.) The week before the court-ordered election, because their requests and the High Priest's directives had been ignored, Dr. Thandi and Mr. Grewal decided to hold an annual meeting and election using the High Priest Approved Membership List, in order to comply with the court's orders. (*Id.*) Again, Dr. Thandi and Mr. Grewal brought the dispute to the High Priest for resolution, as ordered by the court. (*Id.*) The High Priest stated that Dr. Thandi and Mr. Grewal should be able to conduct a general meeting and election using the High Priest Approved Membership List. (*Id.*)

On November 10, 2013, Plaintiff and Third-Party Defendants attempted to conduct a general meeting and election inside the Gurudwara, while at the same time Dr. Thandi and Mr. Grewal conducted a general meeting and election outside the Gurudwara, using the High Priest Approved Membership List. (*Id.*) At the other Directors' meeting, the one-third quorum required by the By-Laws was not met, and the meeting was adjourned for thirty (30) minutes as required by Article VI, Section 3 of the By-Laws. (CR 232.) After the required thirty (30) minutes expired, the other Directors' still did not have the one-third quorum required by the By-Laws, yet they continued their meeting and election anyway. (*Id.*)

After the elections, Appellees filed a Motion for Contempt against the Plaintiff and Third-Party Defendants for intentionally violating the court's orders by ignoring the High Priest's decisions on disputed issues; acting outside the ordinary course of business by terminating the High Priest; and conducting an annual meeting and election without the required quorum, which the By-Laws and the court's Orders required. (CR 198-213.)

**On November 25, 2013, the court found Plaintiff and Third-Party Defendants in contempt of its Temporary Injunction and related orders for acting outside the ordinary course of business by firing the Priest appointed by the court to resolve membership disputes**. (CR 230-31.) The court also ordered that the High Priest Approved List "**is the valid and controlling membership list for the Gurudwara Sahib of Houston, Inc. going forward**." (*Id.*) As to the

14

competing November 10, 2013 elections, the court ordered that **"Dr. Thandi's and Mr. Grewal's election is valid and controlling for the Gurudwara Sahib of Houston, Inc."** (*Id.*)

On August 14, 2014, Appellants filed their First Amended Petition in Intervention. (CR 263-68.) Appellants are not included in the High Priest Approved List that this court has ordered as the valid and controlling membership list for the Gurudwara. (*Id.*) **Appellants have requested that the court reinstate them as voting members, void the November 10, 2013 election the court previously ordered was valid and controlling for the Gurudwara, and order a new election where Appellants and similarly situated individuals be allowed to vote**. *(Id.)* In essence, the Appellants seek a court order installing them as voting members in the Temple instead of allowing the Temple's High Priest to resolve the membership dispute.

Appellees moved for summary judgment because there are no fact issues and all that remained were pure questions of law. Namely, whether the trial court had jurisdiction over a religious organization's membership disputes and leadership elections. The trial court determined it lacked subject matter jurisdiction over this ecclesiastical matter. (CR 874-75.) As discussed below, this was the only proper decision under Texas law.

## SUMMARY OF ARGUMENT

This case involves a church membership dispute. The Gurudwara's by-laws

15

require that any applicant for membership in the Gurudwara receive unanimous approval of the seven (7) member PC to be admitted as voting members. Appellants did not receive unanimous approval as two PC members did not approve their application for membership. Accordingly, they were not allowed to participate in the Gurudwara leadership position elections that occurred in late 2013. Another group of Gurudwara members that were part of the underlying lawsuit but not this appeal attempted to conduct a competing election in late 2013. The trial court, in accordance with Texas law, properly deferred the dispute over the competing elections to the highest authority in the Gurudwara – High Priest Saranjeet Singh.

Appellants filed their lawsuit alleging various claim theories all seeking a court order that they be installed as members in the Gurudwara, be allowed to participate in electing Gurudwara leadership positions, and that a new Gurudwara leadership election take place.

However, pursuant to the Ecclesiastical Abstention Doctrine and the Establishment Clause of the First Amendment to the Constitution, the trial court lacked subject matter jurisdiction over this church membership dispute. Instead, the trial court similarly deferred the church membership dispute to the High Priest in compliance with Texas law.

Appellants' requested relief – a court order installing Appellants as voting members in the Gurudwara – is outside the subject matter jurisdiction of Texas courts no matter if it is couched as collusion, fraud, breach of contract, breach of the by-

16

laws, tortious interference, or any other theory of recovery. Texas courts simply lack the authority to intrude upon church membership disputes. All a Texas court may do is precisely what the trial court in the case at bar did here – defer the dispute to the highest authority in the church. The court determined after reviewing the evidence and by the stipulation of the parties at the time, that High Priest Saranjeet Singh was the highest authority in the Gurudwara. That judicial finding should not be disturbed on appeal. And the trial court's summary judgment that it lacked subject matter jurisdiction over this church membership dispute was proper as church membership is purely an ecclesiastical matter. **Appellants cannot cite one case where an appellate court in the United States sanctioned judicial interference in a church membership dispute.** This Court should reject Appellants' request to overturn hundreds of years of well-settled law.

## ARGUMENT

### I. STANDARD OF REVIEW

An appellate court conducts a de novo review of a trial court's legal conclusions and summary judgment rulings. *Walker v. Anderson*, 232 S.W.3d 899, 908 (Tex. App.—Dallas 2007, no pet.); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life Accid. & Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

### II. THE TRIAL COURT PROPERLY DISPOSED OF APPELLANTS' CLAIMS ON SUMMARY JUDGMENT BECAUSE IT LACKED SUBJECT MATTER JURISDICTION CONCERNING THE MEMBERSHIP IN, AND INTERNAL GOVERNANCE OF, THE GURUDWARA

Appellants contend that the trial court had subject matter jurisdiction because

17

the Ecclesiastical Abstention doctrine does not apply to this church membership dispute or Appellants requested relief to be reinstated as voting members in the Temple. (Appellants' Brief, at 3.) Appellants are wrong and have not cited a single case where an American court ever installed members in a church, temple or synagogue even where the disenfranchised members allege fraud, collusion, breach of contract, or violation of the by-laws.

Texas courts have long held that the First Amendment prohibits judicial action that would burden the free exercise of religion by encroaching on a church's ability to manage its internal affairs. *Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007) (citing *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 116, 73 S.Ct. 143, 97 L.Ed. 120 (1952)). Texas courts lack jurisdiction to decide such matters. *See id.* at 394 and n. 3. "It is a core tenet of First Amendment jurisprudence that, in resolving civil claims, courts must be careful not to intrude upon internal matters of church governance …" *See id.* at 397. Courts should not "intrude into church governance in a manner that would be inherently coercive, even when the alleged discrimination is purely nondoctrinal." *Id.* at 401–02 (citing *Combs v. Cent. Tex. Annual Conference of the United Methodist Church*, 173 F.3d 343, 350 (5th Cir. 1999)). **Notably, Appellants have not cited one case from any court in any jurisdiction sanctioning judicial interference in a church membership dispute or a court installing members into a church.** Instead, Appellants ask this Court to go out on a limb and be the first court to sanction judicial interference in a church membership

dispute. As shown below, courts that are presented with church membership disputes must decline jurisdiction and refer the dispute the highest church authority – which is precisely what occurred here.

**A church has the right to control its membership without government interference, including interference by the courts**. *See Turner v. Church of Jesus Christ of Latter–Day Saints*, 18 S.W.3d 877, 894–96 & n. 14 (Tex. App.—Dallas 2000, pet. denied) (emphasis added). Likewise, a church has authority to determine who may enter its premises and who will be excluded without government interference. *See id.*

*Turner v. Church of Jesus Christ of Latter–Day Saints*

In *Turner*, the plaintiffs brought suit against their church after Mr. Turner became ill while working as a missionary in Guatemala. *Id.* at 894. After they filed the suit, the church revoked their privilege to enter its temples (a membership privilege called "Temple Recommend"). *Id.* at 894 and n. 14. In their amended petition, plaintiffs alleged the church failed to timely restore their Temple Recommend privileges. *Id.* at 895-96. The court of appeals held the trial court did not err in granting the church's motion for summary judgment dismissing the excluded member's lawsuit because, "[r]egardless of the reason, the decision to revoke the Temple Recommend is an internal matter based on the church's religious doctrine, and the Turners' allegations cannot be determined 'without an inquiry into and evaluation of the Mormon religion … Such a determination by a court is prohibited under the First Amendment.'" *Id.* at 896 (quoting *Davis v. Church of Jesus Christ of Latter*

19

*Day Saints*, 852 P.2d 640, 647 (1993)).

Similarly, the Texas Supreme Court has explained why courts must decline jurisdiction over disputes concerning church membership:

> **It seems to be settled law in this land of religious liberty that the civil courts have no power or jurisdiction to determine the regularity or validity of the judgment of a church tribunal expelling a member from further communion and fellowship in the church.** Membership in a church creates a different relationship from that which exists in other voluntary societies formed for business, social, literary, or charitable purposes. Church relationship stands upon a different and higher plane, and the right of a church to decide for itself whom it may admit into fellowship or who shall be expelled or excluded from its fold cannot be questioned by the courts, when no civil or property rights are involved. . . . If the courts assume jurisdiction to question the validity of a judgment of a church court upon a question of this character, the churches would be deprived of the right of construing and administering their church laws …

*C.L. Westbrook, Jr. v. Penley,* 231 S.W.3d 389, 398 (Tex. 2007) (emphasis added) (quoting *Minton v. Leavell,* 297 S.W. 615, 621–22 (Tex. Civ. App.—Galveston 1927, writ ref'd)).

Thus, it is settled law that Texas Courts have no power to interfere with internal membership disputes of churches. The trial court wisely recognized this bedrock legal principle from the early stages of this litigation by repeatedly acknowledging it had no authority over the Gurudwara's membership dispute:

> COURT: I'm willing to enforce the bylaws because that's a matter of contract. **I'm not willing to tell the organization who can or who can't be members**.

(CR 238.)

As such, the trial court deferred internal disputes about membership and the

election to the High Priest of the Gurudwara in its original Temporary Injunction order and in the modification order. (CR 227-31.) The trial court reaffirmed this in its Order Granting Appellees' Motion for Contempt by clearly stating that both the High Priest Approved List and the election conducted by Appellees were valid and controlling. (CR 234-35.) This is the appropriate decision under Texas law, which recognizes with respect to non justiciable internal church functions, courts "must defer to the decision made by the highest authority of the church from which the question or controversy arises." *Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.— Fort Worth 1999, no pet.) (Citing *Patterson v. Southwestern Baptist Theological Seminary*, 858 S.W.2d 602, 605–06 (Tex. App.—Fort Worth 1993, no writ); *Waters v. Hargest*, 593 S.W.2d 364, 365 (Tex. Civ. App.—Texarkana 1979, no writ)). In this case, that is the High Priest of the Gurudwara who served as the tie-breaker for the parties' dispute. (CR 234-35.)

*Retta v. Mekonen*

Texas courts also make it clear that when the dispute concerns an ecclesiastical matter, whether the church bylaws were even followed is immaterial as the courts lack jurisdiction. For example, in *Retta* the plaintiffs were excluded from membership pursuant to amended bylaws that required a $30 contribution. *Retta v. Mekonen*, 338 S.W.3d 72, 76 (Tex. App.—Dallas 2011, no pet.). The church bylaws specifically stated that no church official may exclude one from the opportunity to worship in the church pursuant to a disciplinary measure. Plaintiffs argued that the church officials

21

violated the bylaws by excluding them from membership for failure to pay dues. *Id.* at 77. The court of appeals rejected this argument and stated: "the church's failure to follow its bylaws on a matter of internal governance is also a matter of internal church governance and ecclesiastical concerns, and the courts may not interfere with that decision." *Id.* (citing *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 471 (8th Cir.1993); *Smith v. N. Tex. Dist. Council of Assemblies of God & House of Grace*, 02–05–00425–CV, 2006 WL 3438077, at *3 (Tex. App.—Fort Worth 2006, no pet.) (mem. op.); *Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.)).

Like the Appellants in this case (Appellants' Brief, at 10), the *Retta* plaintiffs urged the court had jurisdiction pursuant to the "neutral-principle of laws" approach. The appellate court disagreed, stating "recently, the Texas Supreme Court has implied that the neutral-principles approach does not extend beyond the property ownership context." *Id.* (citing *Westbrook*, 231 S.W.3d at 398-99 ("But even if we extend the neutral-principles approach beyond the property ownership context…"). The court then held that even if the neutral-principles approach applied "[t]he question of who may be admitted and who may be excluded or removed from a house of worship is a religious question." *Id.* Accordingly, the trial court lacked jurisdiction over the membership dispute even though church officials allegedly violated the bylaws. *Id.* at 77-78.

In this case, no bylaws were broken. In fact, Appellee Thandi and Mr. Grewal followed the Gurudwara's By-Laws in vetting prospective members and preventing

the Gurudwara from being taken over by unknown outsiders. (CR 212-13.) **But, even if bylaws were broken, the court nonetheless lacks jurisdiction in this matter because church membership is a religious matter of internal church governance**. *See id.; see also Fesseha v. Ethiopian Orthodox Tewahedo Debre Meheret St. Michael's Church In Dallas,* 05-10-00202-CV, 2011 WL 2685969, at *3 (Tex. App.—Dallas 2011, no pet.) (former members of church allege church trustees violated bylaws by disenfranchising them, failing to conduct elections, holding general meetings without a quorum, adding a membership fee, and altering the trustee appointment process; appellate court held (i) the neutral principles approach did not apply because the dispute was a matter of church governance, (ii) whether bylaws were violated was an ecclesiastical concern; and (iii) the court lacked jurisdiction on who "may or may not be members of the church."); *Green v. United Pentecostal Church Int'l*, 899 S.W.2d 28, 30 (Tex. App.—Austin 1995, writ denied) (rejecting claim that, in terminating minister's license, church violated its own rules because plaintiff "was dismissed as an act of discipline, and questions of church discipline and government are left to the church, limited only by the courts' supervision of property and civil rights"); *Mangum v. Searingen*, 565 S.W.2d 957, 959 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) (concluding that ouster of deacons was ecclesiastic matter, despite plaintiffs' allegation that their removal was in violation of corporate by-laws); *Greanias v. Isaiah*, 01-04-00786-CV, 2006 WL 1550009, at *8-10 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding court lacked subject matter jurisdiction over dispute

23

related to applicable bylaws concerning removal of church parish council members pursuant to Ecclesiastical Abstention doctrine).

Furthermore, Appellants allegations of fraud do not vest the court with jurisdiction on matters of internal church governance like church membership. For example, in *Klouda* a Texas federal court declined jurisdiction pursuant to Ecclesiastical Abstention in a lawsuit against a seminary school where a professor alleged fraud and discrimination causes of action related to her termination. *Klouda v. Sw. Baptist Theological Seminary*, 543 F. Supp. 2d 594, 612-13 (N.D. Tex. 2008). Similarly, the San Antonio Court of Appeals recently held a trial court lacked subject matter jurisdiction to consider former church member's fraud claim against pastor and church based on defendants' alleged misuse of church funds. *In re Godwin,* 293 S.W.3d 742, 749 (Tex. App.—San Antonio 2009, orig. proceeding). Pursuant to United States Supreme Court precedent, torts are actionable notwithstanding the Ecclesiastical Abstention doctrine only if they pose a "substantial threat to public safety, peace or order." *Sherbert v. Verner*, 374 U.S. 398, 403, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); *Torralva v. Peloquin*, 399 S.W.3d 690, 697 (Tex. App.—Corpus Christi 2013, pet. denied) (same holding). Here, the torts alleged by Appellants do not jeopardize, in any way, public safety, peace, or order. They are merely complaints concerning the internal governance of the Gurudwara that do not vest the court with jurisdiction. They are not even of a public concern.

**Appellants have <u>no</u> legal authority controverting the above cases that all**

24

**demonstrate the court lacks the jurisdiction to order the relief they request – reinstatement as members in the Gurudwara**. Despite the great weight of authority squarely against them, Appellants nonetheless continue their attempt to have the court resolve the membership dispute merely because they disagree with the High Priest's decision that resolved the membership dispute.

The trial court properly confirmed the High Priest's Approved List and subsequent election using that list. And although Texas law allows courts to defer to the authority of the High Priest on internal manners as the trial court has done, it does not allow courts to invade internal church disputes over membership. These issues are the internal affairs of the Gurudwara and the trial court lacked subject matter jurisdiction to grant the relief requested by Appellants – that they be instated as members of the Gurudwara. As such, summary judgment was proper for all of Appellants' substantive claims.

### III. THE TRIAL COURT PROPERLY DEFERRED THE MEMBERSHIP DISPUTE TO THE GURUDWARA'S HIGHEST AUTHORITY – HIGH PRIEST SARANJEET SINGH

Appellants argue that the trial court improperly interfered with the Temple's election procedures but later refused to interfere with the membership dispute in an inconsistent application of the Ecclesiastical Abstention Doctrine. (Appellants' Brief, at 10-11.) They also contend that Saranjeet Singh was not the proper tie-breaker. Both allegations are untrue as explained by the trial court in its order granting summary judgment:

Intervenors, late-comers to the litigation, misstate what has happened in this matter prior to their intervention. The Sikh temple in question is governed by its Prabandhak Committee (the "PC"), a board of seven members. Members are selected as set out in the temple's by-laws. with three members selected every other year, and four members selected every other off year. When this case came to Court, the PC had clearly violated the by-laws by entering into an agreement among them as to who would serve. This Court was easily justified in ordering a proper election.

**The dispute in this litigation quickly became an issue over who could vote in the election mandated in the by-laws. This is a purely ecclesiastical matter. It is not the business of this Court or any other court to tell the Sikh community who is or is not a good Sikh, worthy of voting. The by-laws set out rules for membership, but they also set out how disputes are resolved. They are resolved internally.**

As to this matter, the Court stayed within its boundaries and simply insured that the selection process set out in the by-laws be followed, and that determination of voting membership be pursuant to the by-laws. The Court's prior orders are clear and self-explanatory.

Of note, and in a prior order of the Court, the "tie breaking" mechanism of the by-laws was employed. In open court, on the record, all parties present stipulated as to the spiritual leader (the "Akal Takh') of this temple. Pursuant to the bylaws, this person breaks an impasse of the PC.

An election was conducted pursuant to the Court's order. By this time the interveners had appeared to dispute the spiritual authority of the person identified by the parties as the Akal Takht. This, itself, is a purely ecclesiastical issue. The Court resolved the initial election issue pursuant to the stipulation of the parties then present. The Court lacks jurisdiction to resolve all subsequent issues which have been raised.

(CR 874-75 (emphasis added).)

The gravamen of the entire dispute was the competing membership lists.

Whoever prevailed getting their membership list approved would control the Temple.

The trial court deferred all authority on the elections and the membership dispute to

the high priest in accordance with Texas law. It is settled law that Texas Courts have no power to interfere with internal membership disputes of churches. The trial court therefore wisely recognized this bedrock legal principle from the early stages of this litigation by repeatedly acknowledging it had no authority over the Gurudwara's membership dispute:

> COURT: I'm willing to enforce the bylaws because that's a matter of contract. **I'm not willing to tell the organization who can or who can't be members**.

(CR 238.)

As such, the trial court deferred internal disputes about membership and the election to the High Priest of the Gurudwara in its original Temporary Injunction order and in the modification order. (CR 227-31.) The trial court then reaffirmed this in its Order Granting Defendants' Motion for Contempt by clearly stating that both the High Priest Approved List and the election conducted by Appellees were valid and controlling. (CR 234-35.) This is the appropriate decision under Texas law, which recognizes with respect to non-justiciable internal church functions, courts "must defer to the decision made by the highest authority of the church from which the question or controversy arises." *Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.— Fort Worth 1999, no pet.) (citing *Patterson v. Southwestern Baptist Theological Seminary*, 858 S.W.2d 602, 605–06 (Tex. App.—Fort Worth 1993, no writ); *Waters v. Hargest*, 593 S.W.2d 364, 365 (Tex. Civ. App.—Texarkana 1979, no writ)).

In this case, the highest authority of the Gurudwara is the High Priest,

Saranjeet Singh. The High Priest is the head priest of the Gurudwara. (CR 559.) He preaches, leads praise and worship, and conducts religious ceremonies at the temple. (*Id.*) The High Priest has no "boss" at the Gurudwara and is responsible for religious matters at the Gurudwara. (CR 562.) The High Priest is also the supervisor of the assistant priest that works under him. (CR 561.) The trial court's finding that the High Priest was the highest authority at the Gurudwara should therefore not be disturbed.

By deferring to the High Priest on the membership dispute, the court appropriately followed recent Texas Supreme Court precedent in *Masterson*, which held: "Courts do not have jurisdiction to decide questions of an ecclesiastical or inherently religious nature, so as to those questions they must defer to decisions of appropriate ecclesiastical decision makers." *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 605-06 (Tex. 2013), *reh'g denied* (Mar. 21, 2014). Appellants contention that the court's deference to the High Priest was improper not only lacks any legal support, it is contrary to well settled Texas legal authority. The court has not, as Appellants contend, exercised jurisdiction over the temple's membership. Quite the contrary, the court merely deferred the decision to the High Priest in accordance with well-settled legal doctrine.

IV. **REGARDLESS OF APPELLANTS' PURPORTED CAUSES OF ACTION; THE TRIAL COURT STILL LACKED SUBJECT MATTER JURISDICTION BECAUSE APPELLANTS REQUESTED RELIEF WAS REINSTATEMENT AS MEMBERS OF THE GURUDWARA**

As stated previously by this Court, whether a lawsuit "is ecclesiastical, or

concerns property rights, torts, or criminal conduct, is determined by first examining the substance and effect of the petition—without considering what they use as claims—to determine its ecclesiastical implication." *Williams v. Gleason*, 26 S.W.3d 54, 59 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Thus, "[c]ourts must look to the substance and effect of a plaintiff's complaint to determine its ecclesiastical implication, not its emblemata." *Tran v. Fiorenza*, 934 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding that, although plaintiff was alleging defamation concerning statements on excommunication from church, the court lacked jurisdiction because the substance of the claim was ecclesiastical and not in tort) (citing *Natal v. Christian & Missionary Alliance*, 878 F.2d 1575, 1577 (1st Cir.1989); *see also Patterson v. Southwestern Baptist Seminary*, 858 S.W.2d 602, 605–606 (Tex. App.—Fort Worth 1993, no writ)). Stated differently, a court must consider substance and effect of the claim's resolution by a civil court in determining whether focus of dispute is on ecclesiastical matter. *In re Godwin*, 293 S.W.3d at 750. Here, the Appellants' requested resolution is clearly an ecclesiastical concern – they wanted the trial court to reinstate them as voting members of the Gurudwara and order new elections for the church leadership positions. (CR 266.) It does not matter what causes of action they plead here because the court lacks jurisdiction to order the relief they seek – reinstatement as voting members of the Gurudwara.

However, realizing the trial court lacked jurisdiction over this matter, Appellants amended their petition in intervention to add causes of action for

conspiracy to commit fraud, breach of contract, tortious interference with existing contract, tortious interference with prospective relationship, and a nebulous claim for "fraud, collusion, and arbitrariness." (CR 265-66.) Appellants' attempt to avoid summary judgment by pleading different causes of actions is in vain and disingenuous. Despite these new causes of action, Appellants' request for relief would require judicial interference in an ecclesiastical matters – they request they be reinstated as voting members, the court sanctioned election of almost one year ago be voided, and a new election be held that include the over 1,000 members that did not have unanimous approval of the PC Committee. (CR 265-67.) Because Appellants' claims are entirely ecclesiastical in nature – they seek reinstatement as voting members – the trial court's summary judgment was appropriate and their appeal should be rejected. *See Williams,* 26 S.W.3d at 59.

## CONCLUSION

For the reasons stated above, Appellees requests that this Court affirm the trial court's Final Judgment.

Respectfully submitted,

**SCOTT PATTON PC**

30

By:/*s/ Dan Patton*

**DAN PATTON**
State Bar No. 24013302
*dpatton@scottpattonlaw.com*
**JAROD BONINE**
State Bar No. 24013302
*jbonine@scottpattonlaw.com*
3939 Washington Avenue, Suite 203
Houston, Texas 77007
Telephone:    (281) 377-3311
Facsimile:    (281) 377-3267

ATTORNEYS FOR APPELLEES

31

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limitation of Tex. R. App. P. 9.4(i)(2)(B) because this brief contains 5,620 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ *Dan Patton*
Dan Patton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was sent on

October 8, 2015 to the following:


Jared Woodfill
State Bar No. 00788714
*jwoodfill@woodfilllaw.com*

Kristen Coleman
State Bar No. 24038825
*kcoleman@woodfilllaw.com*

**Woodfill Law Firm, PC**
3131 Eastside St., Suite 450
Houston, Texas 77098
Main: (713) 751-3080
Facsimile: (713) 751-3058


*/s/ Dan Patton*
Dan Patton